IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br><br>$7,500.00 IN UNITED STATES CURRENCY,<br><br>      Defendant,<br><br><br>PEDRO SOSA-AVILES,<br><br>      Claimant. | MEMORANDUM DECISION<br><br>AND ORDER<br><br><br>Case No. 2:12-cv-1081 |

Claimant Pedro Sosa-Aviles moves the court (Dkt. No. 13) to set aside its Order on Summary Judgment that the court entered on April 16, 2013. (Dkt. No. 11.) Mr. Sosa-Aviles did not file a timely opposition to the Motion for Summary Judgment filed by the United States because he claims that his counsel agreed with counsel for the United States to extend the filing deadline. But because no notification of this agreement was provided to the court, and because the court agreed with the reasoning of the United States, the court granted the Motion while it was still unopposed. The court has now reconsidered its Order in light of the additional briefing provided by Mr. Sosa-Aviles, but finds that none of Mr. Sosa-Aviles's arguments cause the court to alter its previous ruling.

ANALYSIS

The United States contends that Mr. Sosa-Aviles has no standing to contest the

forfeiture of $7,500 that was seized during an alleged drug transaction.  Mr. Sosa-Aviles responds that the $7,500 was a loan to Paul Carr, but that the loan had not yet been consummated and that Mr. Sosa-Aviles therefore maintained control over these funds at the time they were seized.  The court is unpersuaded by Mr. Sosa-Aviles's argument for a number of reasons.

First, Mr. Sosa-Aviles claims that he left the $7,500 on Mr. Carr's kitchen table before giving Mr. Carr a ride to Fresh Market so that Mr. Carr could fill a prescription.  Mr. Sosa-Aviles asserts that he intended to return to Mr. Carr's apartment following the trip to Fresh Market to clarify the payment terms and consummate the loan.  The court finds that, given these facts, Mr. Sosa-Aviles cannot claim effective control over the $7,500.  To assert an ownership interest over a seized asset, a claimant can demonstrate his standing in a variety of ways, "including showings of actual possession, control, title and financial stake." *United States v. $148,840*, 521 F.3d 1268, 1275 (10th Cir. 2008).  When Mr. Sosa-Aviles left the $7,500 on Mr. Carr's kitchen table, he transferred control of the funds to Mr. Carr and therefore cannot demonstrate any of the factors listed above.

Moreover, Mr. Sosa-Aviles contradicts his own sworn interrogatory responses.  When asked in an interrogatory to describe the terms of the alleged loan, Mr. Sosa-Aviles responded: "Paul Carr told Sosa that he would repay the loan, in full, in a couple of weeks and that he would give Claimant some additional money for making the loan to him." (Mot. Summ. J., Ex. 1 at 6-7, Dkt. No. 10.)  Mr. Sosa-Aviles now claims that the terms of the loan were never finalized.  But "a party cannot create a genuine issue of fact to survive summary judgment simply by contradicting his or her own previous sworn statement." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999).  Mr. Sosa-Aviles's interrogatory responses establish that he gave Mr.

Carr the money as a loan.  Mr. Sosa-Aviles cannot now claim that he only intended to loan Mr. Carr the funds at a later time.

Finally, Mr. Sosa-Aviles argues that the United States concedes that he had possession of the funds because Task Force Officer Steven Winters, who was the arresting officer, stated in his report and in a later Seizure/Fire Form that the $7,500 was seized from Mr. Sosa-Aviles.  But Officer Winters was simply identifying potential claimants to the property so that those claimants could receive notice of forfeiture proceedings.  There was no reason for Officer Winters to state that the money was seized from Mr. Carr, who was an informant participating in the investigation and could not reasonably claim ownership of the funds.  In any event, Officer Winters's legal characterizations of the property seized during the investigation do not bind either the United States or the court since the facts warrant a different conclusion.

## ORDER

The court GRANTS Mr. Sosa-Aviles's Motion to Set Aside Judgment (Dkt. No.13) to the extent that the court has reconsidered its previous Order in light of the additional briefing provided by Mr. Sosa-Aviles.  But for the reasons stated above, as well as the reasons stated in the court's previous ruling, the court affirms its judgment and GRANTS the United States' Motion for Summary Judgment (Dkt. No. 9).  The court ORDERS that Mr. Sosa-Aviles's claim for the $7,500 be struck for lack of standing.

SO ORDERED this 3rd day of May, 2013.

>BY THE COURT:
>
>_____
>ROBERT J. SHELBY
>United States District Judge